Laura GASPAR and Ken Nykiel, Plaintiffs-Appellees,

v.

DOWELL DIVISION, DOW CHEMICAL COMPANY and ABC Insurance Company, Defendants-Appellants.

No. 83–3667.

United States Court of Appeals, Fifth Circuit.

March 11, 1985.

**1260**

Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for defendants-appellants.

Conner & Martinez, Joseph P. Williams, Jr., Metairie, La., for plaintiffs-appellants.

(Opinion 01/17/85, 5th Cir.1985, 750 F.2d 460)

Before GEE, POLITZ and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

After careful consideration, we GRANT the appellees' petition for rehearing and modify our earlier opinion in this case in the following respects:

■ Our opinion incorrectly states that the witness Michael Gaspar testified that he did not see a collision. Re-examination of his testimony reveals that at one point in that testimony he did claim to have seen one, although his earlier incident report to the Coast Guard made no such claim and indicated instead that when the incident occurred he was "up going to window," arriving there in time only to "notice Tug running off." Whatever our resolution of this testimonial conflict might have been is of no importance: this testimony provides a factual basis for the trial court's determination that a collision did occur and we cannot, in view of it and of the tug captain's equivocation under the questioning of the court, persist in our view that this determination was clearly erroneous. We therefore withdraw that holding.

Appellees also correctly note that the $300 estimate mentioned in our opinion was for raising the MISS CONDUCT only, not for repairing her as well.

■ Although the estimate of $300 represented only the cost of raising the MISS CONDUCT and did not include the cost of repairing her, we remain convinced that the appellees failed to mitigate damages and therefore were not entitled to their judgment. Had the appellees raised or beached the MISS CONDUCT, they could have prevented further damage to her and have recovered the cost of storing and repairing the boat through appropriate judicial proceedings, preventing her total destruction occasioned by resting on the bottom for months. The appellees may not recover for damages which they could so easily have avoided.

Except to the extent that by this opinion we have modified our original opinion, the petition for rehearing is DENIED.